Erin Rose Ronstadt, SBN 028362
Kyle Shelton, SBN 027379
RONSTADT LAW, PLLC
PO Box 34145
Phoenix, AZ 85067
(602) 615-0050
(602) 761-4443 Fax
erin@ronstadtlaw.com
kyle@ronstadtlaw.com
*Attorneys for Plaintiff*

**Admitted Pro Hac Vice**
Iwana Rademaekers, SBN Texas 16452560
LAW OFFICES OF IWANA RADEMAEKERS, PC
17304 Preston Road, Suite 800, Dallas, TX 75252
(214) 579-9319
(469) 444-6456 Fax
iwana@rademaekerslaw.com
*Attorneys for Defendant*

**RONSTADT LAW, PLLC**
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Shantala Ramaiah,<br>Plaintiff,<br>v.<br>The Lincoln National Life Insurance Company,<br>Defendant. | No. CV-24-00986-PHX-SPL<br><br>**JOINT CASE MANAGEMENT REPORT** |

In accordance with this Court's June 14, 2024 Order (Doc. 13), the parties conferred as required by Rule 26(f), *Federal Rules of Civil Procedure*, to develop a Joint Rule 26(f) Case Management Report, which is set forth below:

**1. Attendance: The parties who attended the Rule 26(f) Meeting and assisted in developing the parties' joint submissions:**

Attorneys Erin Ronstadt and Kyle Shelton on behalf of Plaintiff Shantala Ramaiah ("Ms. Ramaiah" or "Plaintiff").

Attorney Iwana Rademaekers on behalf of Defendant The Lincoln National Life Insurance Company ("Lincoln").

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

**2. Service: The parties, if any, which have not been served and an explanation of why they have not been service, and any parties which have been served but have not answered or otherwise appeared:**

All parties have been served. Defendant Employee Group Insurance Plan has been dismissed without prejudice from this action (Doc. 14).

**3. Nature of Case: The nature of the case, including a brief description – *three (3) pages or less* – of the principal factual disputes and legal basis of all claims and defenses:**

***Plaintiff*:** This is an action regarding a long-term disability ("LTD") adverse benefit determination in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Ms. Ramaiah worked as a bridge engineer at Jacobs Engineering, Inc., from 2009 to September 30, 2022, when she stopped working due to disability.

Ms. Ramaiah suffers from Long COVID, Postural Tachycardia Syndrome ("POTS"), Mast Cell Activation Syndrome ("MCAS"), Hypermobile Ehlers Danlos Syndrome ("EDS"), dysautonomia, moderate lumbar degenerative disc disease, long COVID, and other disabling conditions. Ms. Ramaiah contracted the COVID-19 virus on or about September 7, 2022, and developed persistent symptoms. Ms. Ramaiah exhausted her short-term disability benefits. Dr. Zaheer Shah wrote an update to Lincoln on January 25, 2023, indicating a treatment plan of vagus nerve stimulation, continued rest, chiropractic treatment, and ceasing the anxiety medication in favor of cognitive behavioral therapy and EMDR modalities. Dr. Shah opined, "[a] return to demanding and stressful conditions prior to symptoms resolution can lead to erosion of progress and return to original severe condition."

Lincoln began assessing Ms. Ramaiah's claim for LTD benefits, obtaining three independent medical reviews. The internal medicine and infectious medicine physicians endorsed disability. In April of 2023, Ms. Ramaiah sought treatment for significant mental health symptoms with Mark Treegoob, PhD. He opined that Ms. Ramaiah suffered from moderate to severe depression and anxiety, exacerbated by Ms. Ramaiah's husband's traumatic death and estimated that Ms. Ramaiah would need at least five months of assisted

outpatient treatment including cognitive behavioral therapy, before considering a return to work.

Lincoln then sought additional reviews from in-house internal medicine and psychiatry physicians, *despite having obtained reviews from those specialties one month earlier*. Unsurprisingly, both in-house reviewers found Ms. Ramaiah unimpaired. Lincoln's denial letter dated April 25, 2023, relied entirely on the latter unfavorable reports and did not mention the earlier favorable reports.

Ms. Ramaiah appealed from the denial on December 21, 2023, with updated medical records and materials from medical literature concerning POTS, MCAS, EDS, Dysautonomia, and Long COVID. Ms. Ramaiah's new medical records provided objective testing showing Ms. Ramaiah meets the formal diagnostic criteria for these disorders and included compelling support from her treating neurologist.

Lincoln obtained two more in-house medical reviews. Lincoln's occupational medicine reviewer unreasonably concluded, contrary to the medical evidence, that Ms. Ramaiah "demonstrated the capacity to perform full-time work of heavy physical demand." On March 6, 2024, Ms. Ramaiah responded to Lincoln's medical reports with further evidence including a vocational report which concluded that Ms. Ramaiah would be competitively unemployable for part or full-time work in her occupation. Lincoln denied LTD benefits on April 8, 2024, in a letter that relied entirely on Lincoln's inadequate and biased in-house medical reviews. Lincoln did not address or refute Ms. Ramaiah's vocational evidence. Ms. Ramaiah now seeks her wrongly denied LTD benefits.

***Defendant***: Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)), as pled in Count I of the Complaint, but Plaintiff has failed to state a claim against Lincoln for breach of fiduciary duties pursuant to 29 U.S.C. § 1132(a)(3), as pled in the Complaint. Moreover, the remedies sought for equitable relief are not available under ERISA. Lincoln's determinations on Plaintiff's claims for benefits from the relevant plans were reasoned, based on substantial evidence, and correctly interpreted the relevant plan

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

**RONSTADT LAW, PLLC**
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

documents. Plaintiff received a full and fair review of her claims by Lincoln, and that there is no evidence that so-called structural conflict affected the decisions, which were not arbitrary, capricious, or an abuse of discretion. Moreover, Defendants deny that it breached any fiduciary or other duty owed to Plaintiff.

**4. Jurisdiction: The jurisdictional basis for the case, citing specific statutes. *If Jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute:*[1]**

This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1332, 2201-02 (declaratory judgments).

**5. Additions and Amendments: Whether any party expects to add additional parties to the case or otherwise amend the pleadings:**

Neither party expects to add additional parties or otherwise amend the pleadings at this time but request until **<u>Friday, September 6, 2024</u>** to amend the pleadings or add additional parties.

**6. Forthcoming Motions: A listing of contemplated motions and a statement of the issues to be decided by these motions:**

With respect to Ms. Ramaiah's claim for benefits under 29 U.S.C. §1132(a)(1)(B), the parties agree that the matter can be resolved through briefing on the administrative record.

**7. Related Cases: The status of related cases pending before other courts or other judges of this District:**

None.

**8. Discovery Limitations: Suggested changes, if any, in the limitations on discovery (including depositions) imposed by the Federal Rules of Civil**

---

[1] The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. See 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The parties are further reminded that the use of fictitious parties (e.g., "John Doe" or "ABC Corporation") "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

**Procedure and a discussion of why such changes are proportional to the needs of this case:**

The parties agree to the limitations contained in Fed. R. Civ. P. 26(b), 30, and 33.

***Plaintiff:*** The appropriate standard of review is de novo. The Policy does not provide Lincoln with discretionary authority. Furthermore, the Policy was issued in Texas, and Texas is the "governing jurisdiction." Texas has banned discretionary language in disability insurance policies, so any discretionary language, even if it were present, would be void as a matter of law. When conducting a de novo review, the court may consider evidence outside the administrative record when circumstances establish that additional evidence is necessary to conduct an adequate de novo review. *Mongeluzo v. Baxter Travenol Long Term Disabilty Ben. Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995). To that end, Ms. Ramaiah is entitled to conduct limited discovery based on Lincoln's inadequate in-house medical reviews, incomplete disclosures, and reasons for seeking in-house reviews a month after two independent medical reviews endorsed disability. The administrative record as it stands in this case will frustrate this Court's de novo review. However, Plaintiff will confer with Defendant in advance and propose any necessary de novo discovery. The purpose of any discovery will be to supplement or develop the administrative record.

***Defendant:*** Defendant agrees that the appropriate standard of review applicable to Plaintiff's claim is de novo. Defendant's counsel will engage in discussions with Plaintiff's counsel regarding any requested discovery by Plaintiff.

**9. Electronically Stored Information: Any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced:**

No issues anticipated at this time.

**10. Request for Jury Trial: Whether a jury trial has been requested and whether the request for a jury trial is contested. If the request for a jury trial is contested, the parties shall set forth the reasons why a trial by jury is in dispute:**

This is an ERISA case and a jury trial is not available. The matter will be resolved by dispositive motions and potentially tried to the Court.

**11. Trial: The estimated date that the case will be ready for trial, the estimated**

**RONSTADT LAW, PLLC**
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

**length of trial, and any suggestions for shortening the trial**

***Plaintiff:*** If dispositive motions do not resolve the issues, Ms. Ramaiah anticipates a bench trial/oral argument. Ms. Ramaiah believes that any remaining claims will be ready for trial 60 days after the Court's final ruling on dispositive motions. Ms. Ramaiah asserts that the bench trial may focus on any additional evidence revealed during discovery as well as extrinsic evidence regarding any conflict of interest that may have influenced the decision to deny Ms. Ramaiah's claims pursuant to the Ninth Circuit's holding in *Abatie* and *Nolan v. Heald College*, 551 F.3d 1148 (9th Cir. 2009). Ms. Ramaiah may also present evidence regarding Defendant's breaches of fiduciary duty and Ms. Ramaiah's actual harm.

***Defendant:*** Defendant agrees that if dispositive motions do not resolve all issues, a bench trial would be appropriate and that any remaining claims will be ready for trial 60 days after the Court's final ruling on dispositive motions. Defendant estimates that a trial should take no more than 1-2 days.

**12. Expedited Trial Alternative: Certification that counsel for each party has discussed with his or her client, or each *pro se* litigant has considered, the expedited trial alternative:[2]**

Counsel for each party has discussed the expedited trial alternative with their respective client.

**13. Consent to Magistrate Judge: Whether the parties consent to the transfer of the case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c):**

The parties respectfully decline transfer of the case to a United States Magistrate Judge for trial or for a settlement conference. If it becomes necessary, the parties will engage in private mediation with a mutually agreeable third party neutral.

---

[2] *Expedited Trial Alternative*: The parties may elect to take this case directly to trial, whether jury or bench trial. An expedited trial will be held in this case if *all* parties agree to such a trial. If the parties elect to proceed to an expedited trial, no formal discovery or motion practice will occur and a Final Pretrial Conference will be scheduled. Counsel for each party must discuss this expedited trial alternative with his or her client. As part of this discussion, counsel must provide his or her client with two good faith estimates of the costs (including attorneys' fees) of litigating this case to completion: (1) an estimate of the cost if an expedited trial is elected, and (2) an estimate of the cost if an expedited trial is not elected and typical discovery and motion practice occur.

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

**14. Settlement and Dispute Resolution: The prospects for settlement, and whether the case is suitable for referral to a United States Magistrate Judge for the purpose of holding a settlement conference (mediation), minitrial, summary jury trial, early neutral evaluation, or other form of alternative dispute resolution pursuant to LRCiv 83.10:**

The parties will engage in good faith face-to-face settlement discussions by no later than **Friday, November 1, 2024**. The parties respectfully decline referral of this case to a United States Magistrate Judge for purposes of alternative dispute resolution. If it becomes necessary, the parties will engage in private mediation with a mutually agreeable third party neutral.

**15. Modified Procedures: Suggested modification of pretrial procedures due to the nature of the case, for example:**

***ERISA Action*: If the parties jointly agree to resolve an action brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, through cross briefing, in lieu of filing the attached Joint Proposed Rule 16 Case Management Order, the parties shall propose a deadline for each of the following:**

a. Initial disclosures: The parties agree that initial disclosures required by Federal Rule of Civil Procedure 26(a) do not apply to this case. Fed. R. Civ. P. 26(a)(1)(B)(i). Defendants will produce the Administrative Record to Plaintiff by **Friday, August 30, 2024.**

b. Completion of disclosure of materials (previously undisclosed) that either party contends should be considered as part of the record on review: **Friday, March 21, 2025**;

c. Filing of the Administrative Record: The parties shall reconcile and file a stipulated record with the Court by **Friday, May 2, 2025**. The parties will discuss the need to file the Administrative Record under seal at a later date. Plaintiff has volunteered to redact personal identifying information to avoid filing under seal.

d. Filing of Plaintiff's Opening Brief: Plaintiff will file her opening brief by **Friday, June 6, 2025**;

e. Filing of Defendant's Response Brief: MetLife will file its response brief on or before **Friday, June 6, 2025**;

f. Filing of Plaintiff's Reply Brief: Plaintiff will file her reply brief on or before **Friday, July 11, 2025**;

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

g. Completion of Good Faith Settlement Talks: The parties will engage in face-to-face good faith settlement discussions by no later than **Friday, November 1, 2024**.

h. The parties propose additional discovery deadline as follows, should the Court permit discovery:

Deadline for the completion of discovery will be **Friday, April 11, 2025.**

## 16. ADDITIONAL MATTERS

None at this time.

RESPECTFULLY SUBMITTED this July 2, 2024.

RONSTADT LAW, PLLC

By: s/Erin Rose Ronstadt
Erin Rose Ronstadt
Kyle Shelton
*Attorneys for Plaintiff*

LAW OFFICES OF IWANA RADEMAEKERS, PC

By: s/ Iwana Rademaekers
Iwana Rademaekers
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I certify that on July 2, 2024, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants and mailed a copy this same date to the non-registrants:

Iwana Rademaekers
LAW OFFICES OF IWANA RADEMAEKERS, PC
17304 Preston Road, Suite 800, Dallas, TX 75252
Phone:(214) 564-9542 Work
iwana@rademaekerslaw.com

*Attorneys for Defendant*

*s/ Merry Martin*

**RONSTADT LAW, PLLC**
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050